# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**KERRY DAVID LYONS,**

                    **Plaintiff,**

v.                                          **Case No. 6:18-cv-1907-Orl-41GJK**

**JOHN JENNINGS, MICHAEL ORFINGER,
KAREN FOXMAN, STEPHANIE STARNES-
LYONS, RACHEL EBERT, MR. GALLANT,
ROBIN TBD, and AMY TINGLEY,**

                      **Defendants.**

_____

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **DEFENDANT GALLANT'S MOTION TO DISMISS (Doc. No. 11)** |
| **FILED:** | November 28, 2018 |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**. | |

| | |
|---|---|
| **MOTION:** | **DEFENDANTS', FOXMAN AND ORFINGER'S, MOTION TO DISMISS COMPLAINT, AND MEMORANDUM OF LAW (Doc. No. 14)** |
| **FILED:** | November 30, 2018 |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**. | |

**I.      BACKGROUND.**

On November 7, 2018, Plaintiff filed an Amended Complaint against Defendants for violations of 50 U.S.C. §§ 3901 to 4043 (Servicemembers Civil Relief Act), 42 U.S.C. § 1983, and 18 U.S.C. § 113B (terrorism). Doc. No. 2 at 3.  Plaintiff states that his wife, Defendant Stephanie Starnes-Lyons, "permanently departed their share d[w]elling-domicile on July 7, 2018. Everything listed here that has happened after that date has nothing to do with the marital relationship that plaintiff had with [his] spouse." Doc. No. 2 at 4.  Plaintiff alleges he is being terrorized and discriminated against because he is a white heterosexual male veteran that does not have an attorney.  Doc. No. 2 at 4.  Plaintiff seeks relief of: $15 million plus jail time for Defendants Jennings, Judge Orfinger, Judge Foxman, and Starnes-Lyons; $10 million plus jail time for Mr. Ga[llant], and Tingley; $2 million plus jail time for Robin TBD; and finally, $25 million plus jail time for Defendant Ebert.  Doc. No. 2 at 5.  Defendant provides no factual allegations in his Amended Complaint save the statement made about Defendant Starnes-Lyons.

On November 28, 2018, Defendant Gallant filed a Motion to Dismiss ("Gallant's Motion") pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. No. 11.  Gallant argues that the Amended Complaint is an impermissible shotgun pleading, alludes to federal statutes that provide no cause of action against Gallant and no basis for federal court jurisdiction, and fails to state a claim upon which relief can be granted.  Doc. No. 11 at 1.  Gallant also argues that he is entitled to qualified immunity.  Doc. No. 11 at 1.

On November 30, 2018, Judges Foxman and Orfinger filed a Motion to Dismiss ("Judges' Motion to Dismiss").  Doc. No. 14.  In the Judges' Motion to Dismiss, Judges Foxman and Orfinger argue they are entitled to absolute judicial immunity and the Amended Complaint

2

should be dismissed, as to them, with prejudice. Doc. No. 14 at 2. Judges Foxman and Orfinger also argue they are entitled to Eleventh Amendment immunity and qualified immunity. Doc. No. 14 at 3-4. Finally, the Judges' Motion to Dismiss argues that the Amended Complaint fails to state a cause of action and constitutes an impermissible shotgun pleading. Doc. No. 14 at 5-8.

On December 19, 2018, Plaintiff filed a response to Gallant's Motion to Dismiss. Doc. No. 23. The response was both untimely and contained additional facts not plead in the Amended Complaint. Doc. No. 23. Plaintiff filed no response to the Judges' Motion to Dismiss.

## II.    STANDARD OF REVIEW.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Specifically, the factual allegations, accepted as true, must "state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). This cannot be achieved through mere legal conclusions or recitation of the elements of a claim. *Id.* (citing *Twombly*, 550 U.S. at 555). Instead, to state a plausible claim for relief, the plaintiff must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant and offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). If the plaintiff fails to meet this pleading standard, then the complaint will be subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] The Court's scope of review is limited to

---

[1] The fact that Plaintiff is proceeding *pro se* does not materially alter the Court's standard of review. "While the pleadings of *pro se* litigants are 'liberally construed,' they must still comply with procedural rules governing the

the four corners of the complaint. *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002).

### III.   ANALYSIS.

Defendants Gallant, Judge Foxman, and Judge Orfinger raise multiple arguments in support of dismissal but two are dispositive on this record, the Amended Complaint is an impermissible shotgun pleading that also fails to state a claim.

The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Beckwith v. BellSouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005) (per curiam) (citing *Byrne v. Nezhat*, 261 F.3d 1075,1129–30 (11th Cir. 2001)). "Shotgun pleadings wreak havoc on the judicial system" and "divert already stretched judicial resources into disputes that are not structurally prepared to use those resources efficiently." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006) (quotation omitted). The Eleventh Circuit has defined four types of shotgun pleadings. "The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). The second most common type "is a complaint that . . . is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. "The third type of shotgun pleading is one that

---

proper form of pleadings." *Hopkins v. St. Lucie Cty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (citation omitted). In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

commits the sin of not separating into a different count each cause of action or claim for relief." *Weiland*, 792 F.3d at 1322–23. "Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323.

Plaintiff's Amended Complaint suffers from the latter two deficiencies – it does not separate into a different count each cause of action or claim for relief and it asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. *Id.* at 1322-23. The more fundamental problem, however, is that Plaintiff's Amended Complaint lacks factual allegations. Doc. No. 2. After reviewing the Amended Complaint, the Court has no idea what happened that prompted Plaintiff's allegations of discrimination and terrorization.[2] The absolute dearth of factual allegations means that this Court cannot tell what facts serve as the basis for Plaintiff's claims, let alone which claims relate to which Defendants. Thus, Plaintiff's Amended Complaint also fails to state a claim against any of the Defendants as it is plead. *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

The absence of factual allegations also means that this Court cannot assess the other immunity defenses raised by Defendants Gallant, Judge Foxman and Judge Orfinger. For example, while Judges Foxman and Orfinger are most likely entitled to absolute judicial

---

[2] Plaintiff's original complaint included factual allegations, however, none of those allegations were included in the Amended Complaint. Doc. No. 1. When Plaintiff filed his Amended Complaint, it became the operative complaint in this matter. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007). "Once accepted, the original pleading is abandoned by the amendment, is no longer a part of the pleader's averments against his adversary, and the amended complaint becomes the operative pleading in the case." *Paylan v. Bondi*, 8:15-cv-1366, 2015 U.S. Dist. LEXIS 127593, at *3 (M.D. Fla. Sept. 1, 2015) (citing *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007)). Thus, the Court cannot consider any of the factual allegations in that complaint but would observe the initial complaint also constitutes a shotgun pleading.

5

immunity, there are no factual allegations in the Amended Complaint upon which this Court can make such a determination.[3]   As such, the Amended Complaint should be dismissed as a shotgun pleading and for failing to state a claim upon which relief can be granted.   Plaintiff will be permitted to replead his claims which should include, at a minimum, factual allegations that support an identifiable cause of action and clear delineation of which causes of action are plead against which Defendants.

## IV.   CONCLUSION.

Accordingly, it is **RECOMMENDED** that:

1.   Gallant's Motion to Dismiss (Doc. No. 11) be **GRANTED in part and DENIED in part;**

2.   The Judges' Motion to Dismiss (Doc. No. 14) be **GRANTED in part and DENIED in part;**

3.   Plaintiff's Amended Complaint be **DISMISSED without prejudice**;

4.   Plaintiff be given fourteen (14) days within which to file a Second Amended Complaint; and

5.   Any additional pending motions be **DENIED as moot.**

---

[3] "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000).  "Absolute judicial immunity 'applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction.'"  *Williams v. Alabama*, 425 F. App'x 824, 825 (11th Cir. 2011) (quoting *Bolin*, 225 F.3d at 1239).

## **NOTICE TO PARTIES**

The parties have fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on January 7, 2019.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record
Unrepresented Parties